# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DeAvery Q. Lyons, | ) | CASE NO. 4:08 CV 228 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Stuart Hudson, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Limbert (Doc. 7) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, DeAvery Lyons, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed.  Petitioner has failed to file objections to the Report and Recommendation, although the Court granted him an additional

1

amount of time until November 17, 2008 to do so.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."  When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**Conclusion**

The Magistrate Judge determined that the Petition was time-barred by the applicable statute of limitations, petitioner failed to demonstrate cause and prejudice and equitable tolling did not apply.  This Court agrees as petitioner's conviction became final on May 10, 2006.  Petitioner did not file the instant Petition until January 22, 2008.  Thus, more than one year lapsed and the statute of limitations set forth in 28 U.S.C. §2244 has expired.  No cause and prejudice or equitable tolling has been demonstrated.  This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and, having found no clear error, completely adopts his factual and legal conclusions as its own and incorporates them herein by reference. Accordingly, for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed.

Furthermore, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

2

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

> In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that
>
> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 12/9/08